UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE

| | |
|---|---|
| TIMOTHY A. CALHOUN, </br></br>    Plaintiff, </br></br>    vs. </br></br>JOHNSON CONTROLS, INC.; </br>CINTAS CORPORATE SERVICES, INC.; </br>AND JOHN DOE, </br></br>    Defendants. | CAUSE NO. |

## NOTICE OF REMOVAL

COMES NOW Defendant, Johnson Controls, Inc. ("JCI"), by counsel and through its attorneys, hereby removes this action, which is currently pending in Allen County Superior Court, State of Indiana, to the United States District Court for the Northern District of Indiana, Fort Wayne Division, on the basis of diversity jurisdiction and pursuant to 28 U.S.C. Section 1332, 28 U.S.C. Section 1441, 28 U.S.C. Section 1446, and in support thereof states as follows:

## REMOVAL STANDARD

1. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2. Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

3. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1).

## THE REMOVED CASE

4. The removed case is a premises liability/negligence action arising out of an injury purportedly sustained by Plaintiff on April 3, 2018, at 8710 Baer Road, Fort Wayne, Indiana. *See* Plaintiff's Complaint ("Plt's Compl."), ¶5, attached hereto as Exhibit A.

5. Plaintiff's causes of action are alleged in "negligent acts and omissions" against JCI, Cintas Corporate Services, Inc., and John Doe. *See generally id*.

## PAPERS FROM REMOVED ACTION

6. Pursuant to 28 U.S.C. § 1446(a), JCI attaches to this Notice of Removal a copy of all process, pleadings, and other papers or exhibits of every kind, including depositions, on file in the state court. *See* Exhibit B, attached hereto.

## THE REMOVAL IS TIMELY

7. On April 16, 2019, Plaintiff filed in the Allen County Superior Court, State of Indiana, a Summons and Complaint in the above-titled action under Cause No. 02D03-1904-CT-000222. *See* Plt's Compl. and Summons, Ex. A.

8. A copy of the Complaint and Summons was served upon the defendants on or about April 26, 2019.

9. Pursuant to 28 U.C.S. § 1446(b), this Notice of Removal must be filed on or before May 16, 2019.

10. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

11. Defendant Cintas Corporate Services, Inc. has consented to removal. *See* Email Correspondence from counsel for Cintas, attached hereto as Exhibit C.

## VENUE IS PROPER

12. This action is a civil action for which this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed pursuant to 28 U.S.C. §§ 1332 and 1441. The Allen County Superior Court is within the venue of the United States District Court for the Northern District of Indiana, Fort Wayne Division.

13. Therefore, venue is proper in the Northern District of Indiana, Fort Wayne Division.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

14. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

15. At all times material hereto, Plaintiff Timothy Calhoun is alleged by Plaintiff to have been a resident of Indiana.  *See* Plt's Compl. at ¶ 1.

16. Upon information and belief, Plaintiff was, at the time of the commencement of this action, a citizen of Indiana.

17. JCI is a Wisconsin corporation with its principal place of business in Wisconsin. *Id*. at ¶ 2. Therefore, JCI. is a citizen of Wisconsin for purposes of determining diversity jurisdiction.

18. Cintas Corporate Services, Inc., is an Ohio corporation with its principal place of business in Ohio. *Id*. at ¶ 3. Therefore, Cintas is a citizen of Ohio and Delaware for purposes of determining diversity jurisdiction.

19. Normally, "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell ex rel. Goerdt v. Tribune Entm't Co*., 106 F.3d 215, 218 (7th Cir. 1997) (citations omitted). But the 7th Circuit has held "naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs." *See Howell by Goerdt v. Tribune Entm't Co*., 106 F.3d 215, 218 (7th Cir. 1997) (*citing* 28 U.S.C. § 1441(a)); *Thornburg v. Stryker Corp*., No. 1:05-CV-1378RLY-TAB, 2006 U.S. Dist. LEXIS 3452, 2006 WL 211952, at *2 (S.D. Ind. Jan. 27, 2006) (removal allowed because the Court may not consider the anonymous Indiana defendants' citizenship to assess the existence of diversity jurisdiction); *see also Universal Commc'n Sys., Inc. v. Lycos, Inc.,* 478 F.3d 413, 426 n. 10 (1st Cir. 2007) (the presence of John Does does not destroy diversity jurisdiction in cases removed to federal court).

20. Because Plaintiff is a citizen of Indiana and JCI and Cintas Corporate Services, Inc. are not, and because John Doe defendants are disregarded in determining diversity for removal purposes, complete diversity exists under 28 U.S.C. § 1332.

## **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

21. In order to meet the amount in controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Here, Plaintiff's Complaint alleges that Plaintiff "suffered severe and permanent personal

injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, mental suffering, loss of enjoyment of life, lost wages, loss of future earning capacity and other injuries and damages of a personal and pecuniary nature" as a result of the incident giving rise to the Complaint.  Pl. Comp. at ¶ 8.  While the face of the Complaint does not allege a specific dollar amount, when the complaint does not establish the amount in controversy, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."  *Supernova Sys. v. Great Am. Broadband, Inc.*, No. 1:09-cv-016, 2009 WL 1766818, \*6 (N.D. Ind. June 22, 2009) (*quoting Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2007).  Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*.  [citation and internal quotations marks omitted].  Plaintiff's counsel has asserted via telephone that Plaintiff has suffered severe injuries as a result of the subject incident.  He claims that Plaintiff has around $77,000.00 in medical bills and over $100,000.00 in lost wages.  Based upon this information, it is JCI's good-faith estimate and belief that the amount in controversy in this action, exclusive of interest and costs, exceeds Seventy-Five Thousand dollars ($75,000.00), pursuant to 28 U.S.C. § 1332(a).

       22. Thus, the state court action may be removed to this Court by JCI in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division; (ii) this action is between citizens of different states; and, (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel.

24. Concurrent with the filing of this Notice of Removal, JCI has filed a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of Removal with the Clerk of Allen County Superior Court, State of Indiana.  *See* Exhibit D, attached hereto.

25. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the United States District Court for the Northern District of Indiana, Fort Wayne Division, and this cause is removable to the United States District Court for the United States District Court for the Northern District of Indiana, Fort Wayne Division.

**WHEREFORE**, Defendant Johnson Controls, Inc., by counsel, respectfully notifies this Honorable Court of the removal of this action from the Allen County Superior Court, State of Indiana, to the United States District Court for the Northern District of Indiana, Fort Wayne Division, that this Court enter such orders as are appropriate, and for all further just and proper relief in the premises.

Dated:  May 15, 2019

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

*/s/ Sheri Bradtke McNeil*
Sheri Bradtke McNeil (#19280-45)
KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, Indiana 46307
Telephone:  219.794.1888
Facsimile:  219.794.1892
Email:  sbmcneil@kopkalaw.com

*Attorneys for Defendant*
*Johnson Controls, Inc.*

4853-0431-1959 v1

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification to the following:

| | |
|---|---|
| Robert J. Boughter, #23512-53<br>Kenneth J. Sinak, #30857-02<br>BOUGHTER SINAK, LLC<br>5150 West Jefferson Blvd<br>Fort Wayne, Indiana 46804<br>Telephone:  260.420.4878<br>Facsimile:   260.420.0600<br><br>*Attorneys for Plaintiff* | Calvert Sterling Miller<br>Kimberly Meaghan Martin<br>CARSON, LLP<br>301 W. Jefferson Blvd, Suite 200<br>Fort Wayne, IN 46802<br>Telephone: 260.423.9411<br><br>*Attorney for Defendant, Cintas Corporate Services, Inc.* |

*/s/ Sheri Bradtke McNeil*
Sheri Bradtke McNeil

- 7 -

4853-0431-1959 v1