# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TIMOTHY A. CALHOUN, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:19-cv-00213-WCL-SLC |
| JOHNSON CONTROLS, Inc., *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion for leave to file a second amended complaint and jury demand, filed by Plaintiff on September 03, 2019. (ECF 29). For the following reasons, Plaintiff's motion for leave is GRANTED.

### A. *Background*

Plaintiff filed a motion to amend his complaint on July 17, 2019, including a proposed amended complaint. (ECF 23, 23-1). The Court granted Plaintiff's motion, affording him up to and including August 22, 2019, to file his first amended complaint. (ECF 25). Plaintiff, however, failed to do so by that date. On August 27, 2019, Defendant Johnson Controls, Inc., filed a motion to dismiss for failure to state a claim based in part on Plaintiff's failure to file his amended complaint. (ECF 26). Plaintiff subsequently filed the present motion, which included a second amended complaint contained within the same document. (ECF 29 at 9-14). On September 18, 2019, Plaintiff filed a motion for summary ruling regarding the present motion, noting in part that Defendants have not objected or otherwise responded to his motion. (ECF 41). Defendants, in fact, have not yet responded to Plaintiff's motion, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A).

## B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Nevertheless, "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

## C. Analysis

Here, the Court finds that justice requires allowing Plaintiff to amend his complaint. To begin, the Court notes that Plaintiff's motion is unopposed. Further, while Plaintiff may have missed the initial deadline to file his first amended complaint, the Court does not find that Plaintiff has unduly delayed in moving to file his second amended complaint. Rather, he filed the present motion less than two weeks after Defendant Johnson Controls, Inc., filed its motion to dismiss. Furthermore, no Rule 16(b) deadline has yet been set for seeking leave to amend pleadings, so Plaintiff's motion is timely in that regard. Finally, despite Plaintiff's failure to file his first amended complaint, the Court finds that neither he nor his counsel have acted in bad faith. As such, there is little to suggest that the Court should exercise its discretion to deny Plaintiff's motion.

## D. Conclusion

In sum, Plaintiff's second motion to amend his complaint (ECF 29) is GRANTED. Plaintiff is afforded up to an including October 25, 2019, to file his second amended complaint (ECF 29 at 9-14) with the Court as a separate document. Further, the Clerk is directed to term Plaintiff's motion for summary ruling (ECF 41) as moot.

SO ORDERED.

Entered this 18th day of October 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge