UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIMOTHY A. CALHOUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-CV-213 |
| | ) |
| JOHNSON CONTROLS, INC., | ) |
| ARAMARK SERVICES, INC., and | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Leave to File Third Amended Complaint for Damages and Jury Demand [and] Remand to State Court filed by Plaintiff Timothy Calhoun (ECF No. 64). Defendant Aramark Uniform & Career Apparel, LLC, filed a response in opposition (ECF No. 66) and Calhoun filed a reply (ECF No. 67). Defendant Johnson Controls did not file a response in opposition to Calhoun's motion, but it did file a Motion to Amend Answer (ECF No. 63), which is also pending. Calhoun did not file a response to Johnson Control's motion; instead he filed the present motion to file his Third Amended Complaint. For the reasons set forth below, the Plaintiff's motion to amend is GRANTED and this case is REMANDED to the Allen Superior Court. Johnson Controls' motion to amend its answer is DENIED as moot. The Clerk of the Court is directed to docket Calhoun's Third Amended Complaint (attached as Exhibit A to ECF No. 64) and show it filed on March 4, 2020.[1] The Clerk is further instructed to remand this case to the Allen Superior Court, in case number 02D03-

---

[1] March 4, 2020, was the date Calhoun's motion was filed. He asks the Court to ensure that his Third Amended Complaint is docketed "prior to the expiration of the Statute of Limitations on April 3, 2020." Motion to Amend, p. 2.

1904-CT-222.

## DISCUSSION

Timothy Calhoun, a resident of Huntington County, Indiana, sued Johnson Controls and others for personal injuries he alleges he sustained on April 3, 2018. Complaint (ECF No. 3). At the time of the incident giving rise to his claims, Calhoun was "employ[ed] as a truck driver with Ruan Transportation." Second Amended Complaint (ECF No. 47), p. 1. Calhoun states that he suffered personal injuries as a result of the following incident:

> On April 3, 2018, Timothy was walking in and about the Johnson Controls' facility to get his routes for the workday from his employer, Ruan Transportation, [which] leases an office in the Johnson Controls' facility. On said date, as Timothy was walking through one of Johnson Controls' overhead doors that had an industrial curtain, the subject door suddenly came down and forcefully struck Timothy in the head.

*Id*., p. 3. Calhoun brought suit in the Allen Superior Court and Defendant Johnson Controls, a Wisconsin corporation, removed the case to this Court on the basis of diversity jurisdiction. *See* Complaint (ECF No. 3); Notice of Removal (ECF No. 1). When he initiated this action in state court, Calhoun named as Defendants Johnson Controls, Cintas Corporate Services, Inc., an Ohio corporation, and an unidentified "John Doe" defendant. The parties do not dispute that removal was proper and timely. On August 15, 2019, this Court (Magistrate Judge Susan Collins) granted a motion by Calhoun to file an Amended Complaint, which he did on September 3, 2019. First Amended Complaint (ECF No. 32). Judge Collins also granted Calhoun's motion to file a Second Amended Complaint, which he did on October 18, 2019. Second Amended Complaint (ECF No. 47). That Second Amended Complaint is presently the controlling complaint in this case. The Second Amended Complaint names as defendants Johnson Controls and Aramark

Services, Inc., which Calhoun states is a "Foreign For-Profit Corporation with its principal place of business [in] Philadelphia, PA[.]" *Id*., p. 2.[2] In his Second Amended Complaint, Calhoun states as follows:

> While Plaintiff currently concedes the jurisdiction of the United States District Court, upon information and belief, an unknown employee of Johnson Controls, Inc.[,] and/or Aramark Services, Inc.[,] shares responsibility for the subject incident giving rise to Plaintiff's claims herein who is likely a resident of the State of Indiana. Likewise, Plaintiff reserves the right to seek remand to state court should diversity jurisdiction be lost upon amendment of the Complaint to include said employee.

*Id*.

In his present motion, Calhoun seeks leave to file a Third Amended Complaint for purposes of naming additional defendants. If he is permitted to do so, the Third Amended Complaint would destroy diversity jurisdiction, and so Calhoun asks the Court to allow the filing of the Third Amended Complaint and remand this case to the state court. In support of his motion, Calhoun states:

> Since the filing of the Second Amended Complaint, discovery has revealed other possible third parties that caused or contributed to cause Plaintiff's injuries. In particular, Johnson Controls, Inc.[,] has disclosed that its affiliate company, Johnson Controls Battery Group, Inc.[,] had a contract with Aramark Uniform Services, an affiliate of Aramark Uniform & Career Apparel, LLC. Further, Aramark Services, Inc.[,] has indicated that Aramark Uniform & Career Apparel, LLC[,] is the proper entity who employed Michael ("Mike') Ponko, the latter of whom has been identified as the person who closed the overhead door at the time of Plaintiff's incident. Accordingly, the Plaintiff seeks to dismiss Aramark

---

[2] The caption of Second Amended Complaint, for some reason, also includes the "John Doe" defendant, even though Cintas Corporate Services, Inc., and "John Doe" were both dismissed from this case, with prejudice, by stipulation of the parties. *See* Stipulation of Dismissal With Prejudice (ECF No. 15) ("Come now the parties, by their respective counsel pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and stipulate to the dismissal, with prejudice, of Cintas Corporate Services, Inc. and John Doe. The Plaintiff's claims against Defendant Johnson Controls, Inc. are not being dismissed as a part of this Stipulation.").

> Services, Inc.[,] without prejudice and to add Aramark Uniform & Career Apparel, LLC, Johnson Controls Battery Group, Inc., and Michael ('Mike') Ponko as party Defendants. . . . It is further believed that Johnson Controls Battery Group, Inc., now operates as Clarios, LLC, and, therefore, Plaintiff seeks to add Clarios, LLC, as a party Defendant. . . . Finally, Johnson Controls has identified CBRE Group, Inc., as a non-party and, therefore, Plaintiff seeks to add CBRE Group, Inc., as a party Defendant.

Motion for Leave to File Third Amended Complaint, pp. 1-2. Calhoun insists that "[n]o party will be prejudiced by the filing of the Third Amended Complaint for Damages and Jury Demand. To wit, pursuant to the Report of Parties Planning Meeting adopted by the Court, the last date Plaintiff may seek permission to join additional parties and to amend the pleadings is April 3, 2020, at which time the [statute of limitations] expires." *Id*., p. 2. Calhoun states that Aramark Uniform and Career Apparel, in its answers to interrogatories, "identif[ied] that its employee, Mike Ponko, was the person that closed the overhead door at issue and resides" in Fort Wayne, Indiana. *Id*. Finally, Calhoun notes that Aramark Uniform & Career Apparel, in responses to requests for admissions, stated "that Mike Ponko is an Indiana citizen." *Id*., p. 3. Calhoun asserts that "[a]ccordingly, upon granting Plaintiff leave to file [his] Third Amended Complaint . . . , this Honorable Court should remand this case to the Superior Court of Allen County, State of Indiana, under Cause Number 02D03-1904-CT-222. *Id*.

Aramark objects to Calhoun's motion, arguing that "[j]urisdiction existed at the time of removal and a remand is inappropriate." Defendant's Response in Opposition (ECF No. 66), p. 1. Aramark contends that Supreme Court and Seventh Circuit precedent make clear that "jurisdiction depends on the state of matters when a suit begins and jurisdiction cannot be divested by subsequent events." *Id*. (citing *Bank of Commerce v. Hoffman*, 829 F.3d 542 (7th Cir. 2016); *Craftwood II, Inc. v. Generac Power Sys*., 920 F.3d 479 (7th Cir. 2019); *Freeport-*

4

*McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991)). Aramark argues that "even if the motion for leave to amend is granted, the case should not be remanded as diversity jurisdiction existed when the case was initiated. The Third [Amended Complaint] does not divest the Court of jurisdiction, and the Court may continue to exercise jurisdiction over the case." *Id*., pp. 2-3. Aramark maintains that "the general rule, and reasoning, applied by the Seventh Circuit has been that once jurisdiction is established it is not defeated by subsequent amendments to the pleadings." *Id*., p. 3 (citation omitted). Aramark insists that in this case "Mr. Ponko is primarily being added to establish liability under a theory of *respondeat superior*. Other Courts have considered whether an employee must be added as an indispensable party under this theory. They concluded that the employee was not indispensable under this theory, and ruled against the joinder when it destroyed jurisdiction." *Id*., p. 4. Aramark then cites and discusses a case from the Eastern District of Pennsylvania that it claims supports its argument. Aramark concludes by stating–and this is the real crux of its opposition to Calhoun's motion–that "[t]he only reason for [Ponko's] addition in this suit is to deprive the Court of jurisdiction[]" and [f]or this reason, Plaintiff's motion to amend to add Mr. Ponko as a party should be denied." *Id*., p. 5.

    In short, the battle over Calhoun's proposed Third Amended Complaint centers solely on the issue of adding Mike Ponko, an Indiana resident, as a defendant, and whether doing so would destroy diversity jurisdiction and require remand.

    In his reply brief, Calhoun presents several arguments in support of his motion. First, he contends that Aramark's objection to his motion is barred because it was filed by Aramark Uniform & Career Apparel, LLC, rather than Aramark Services, Inc. Plaintiff's Reply (ECF No. 67), p. 2. According to Calhoun, "[b]ecause AUCA is not a party to this litigation, it lacks

5

standing to file an objection to Plaintiff's leave to amend and remand. Plaintiff has sought leave to add AUCA as a party defendant, but this Motion is currently pending with the court." *Id*. Calhoun insists that "AUCA is not currently a party to this litigation and has never been served with a Complaint or Summons[]" and therefore lacks standing to object to Calhoun's motion to amend. *Id*., p. 3. The Court notes, however, that when counsel filed a notice of appearance on behalf of Aramark Services, Inc., that notice expressly stated as follows: "Christopher D. Cody of the law firm of Hume, Smith, Geddes, Green & Simmons, LLP, hereby enters her appearance for Defendant Aramark Uniform & Career Apparel, LLC (*incorrectly named Aramark Services, Inc*.) in the above-captioned cause of action." Notice of Appearance (ECF No. 53) (italics added). About one month later, Aramark filed its answer to Calhoun's Complaint, in which it stated: "Defendant *Aramark Services, Inc*., by counsel, submits its answer to Plaintiff's complaint[.]" Answer (ECF 58), p. 1 (italics added). However, the Answer was signed by Christopher Cody in her capacity as "Attorney for Defendant Aramark Uniform & Career Apparel, LLC." *Id*., p. 9. So, Calhoun claims that Aramark Uniform & Career Apparel, the entity he seeks to name as a defendant, is not a party to this suit–only Aramark Services is, and Aramark Services did not file an objection to the motion to amend. Defense counsel's notice of appearance, however, states that Aramark Uniform & Career Apparel is the proper party defendant, and was simply "incorrectly named" in Calhoun's Complaint. The Court need not address this confusion. Aramark Services, Inc., was named as a defendant in this case, was served with summons, and has appeared and filed an answer. The fact that the opening sentence in the brief in opposition to Calhoun's motion states that it was filed on behalf of "the Defendant, Aramark Uniform & Career Apparel, LLC," is of no moment. The entity may have been sued under an incorrect name,

6

but it is a party to this lawsuit and, as such, has standing to file an objection to Calhoun's motion. In any event, the issue is moot, since the Court concludes that the motion to amend is proper and should be granted.

The dispositive issue before the Court, as stated above, is whether Calhoun's motion to amend should be granted and, if it is, whether this Court should retain jurisdiction (as Aramark argues) or remand the case (as Calhoun argues). This Court addressed the issue of amendment followed by remand in the case of *Clymer v. Wal-Mart Stores, Inc.*, 2016 WL 3580487 (N.D. Ind. May 20, 2016), report and recommendation adopted, 2016 WL 3536796 (N.D. Ind. June 28, 2016). In *Clymer*, the plaintiffs sued Wal-Mart in state court to recover damages for personal injuries they allegedly suffered when Mrs. Clymer slipped and fell at a Wal-Mart store, and Wal-Mart removed the case to this Court on the basis of diversity jurisdiction. After removal, the Clymers filed a motion for leave to amend their Complaint to add a second defendant–a company they alleged shared liability for their injuries. The addition of this defendant would destroy diversity and require remand of the case to state court. Magistrate Judge Susan Collins entered a report and recommendation addressing the issue, which presiding Judge James Moody adopted. The Court concluded that the Clymers should be permitted to amend their Complaint to add a nondiverse defendant and that the case should then be remanded to state court. In her report and recommendation, Magistrate Judge Collins set forth the standard of review:

> As a general matter, "[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted). "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[w]hen joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit

7

joinder and remand the action to state court." *Schur* [*v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009)] (citation omitted). "These are the only options; the district court may not permit joinder of a nondiverse defendant and retain jurisdiction." *Id*. (citations omitted).

"A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Id*. (citations omitted). In considering the propriety of the joinder of a nondiverse party after removal, the court applies the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id*. (citations omitted). "In order to permit joinder of a diversity-defeating party after removal, it is not necessary that the non-diverse party be one that is indispensable to just adjudication of a lawsuit within the meaning of Rule 19 of the Federal Rules of Civil Procedure." *Destiny Health, Inc. v. Conn. Gen. Life Ins. Co.*, 741 F.Supp.2d 901, 906 (N.D. Ill. 2010) (citations omitted).

*Clymer*, 2016 WL 2016 WL 3580487, *3. And as another district court explained recently:

District courts have discretion to permit or deny post-removal joinder of nondiverse parties, and they should balance the equities to make that determination. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). . . . "When joinder of a non-diverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Id*.
. . .

Plaintiffs are generally given wide latitude to choose their own forum but they "may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Id*. at 763. While not dispositive, the fraudulent joinder doctrine provides a helpful tool for scrutinizing a plaintiff's motive in seeking joinder. *Id*. at 764. "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). Removing defendants "bear a heavy burden to establish fraudulent joinder," and must show that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

8

*DISH Network L.L.C. v. Cox Media Grp., LLC*, 2020 WL 1820516, at *1 (N.D. Ill. Apr. 10, 2020).

As to the first factor in the analysis–Calhoun's motive for seeking amendment–recall that "[f]raudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). In this case, Calhoun does state a cause of action against the defendants he seeks to add, alleging that each breached its duty of care and he suffered personal injuries as a result. And while Aramark argues that Calhoun's motion to amend was filed with an ulterior motive–trying to get this case back to state court–Aramark does *not* contend that Calhoun committed "fraud in [his] pleadings." With regard to Ponko, the defendant whose presence will destroy diversity, Calhoun alleges that it was Ponko who closed the overhead door, causing Calhoun's injuries.

As to the second factor–the timeliness of the motion to amend–Calhoun correctly notes that he "has timely moved for an amendment to the pleadings under the court approved Report of the Parties' Planning Meeting under [Fed.R.Civ.P.] 16 and under [Fed.R.Civ.P.] 15(a)." Indeed, the Report of Parties' Planning Meeting (ECF No. 56) expressly provides that "[t]he last date the plaintiff may seek permission to join additional parties and to amend the pleadings is April 3, 2020." Calhoun's motion, then, was timely (and Aramark does not contend otherwise).

Next, the Court considers whether Calhoun will be significantly injured if joinder is not allowed. As this Court explained in *Clymer*, "'[u]nder this factor, the Court is required to balance

9

the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed with the risk that a defendant will be prejudiced if the amendment is allowed.'" *Clymer*, 2016 WL 3580487, *3 (quoting *Grinston v. Cypress Media, LLC*, 2011 WL 833969, at *4 (S.D. Ill. Feb. 21, 2011)). Calhoun asserts that the defendants "will suffer no prejudice litigating this claim in state court as the parties are still in the early stages of discovery (no defendant has even served Plaintiff with written discovery), mediation has not taken place and no trial date has been set." Plaintiff's Reply, pp. 2-3. Nowhere in its brief in opposition does Aramark contend that it will be prejudiced if amendment is allowed.

Finally, as to "any other equitable considerations," Calhoun argues that "in the event the Court does not permit joinder of Ponko on the basis that his joinder would destroy diversity jurisdiction then suit will be brought against him in state court. Likewise, as an employee of AUCA, AUCA would likely be required to defend two separate causes of action–one in state court on behalf of Ponko and the claim against AUCA in federal court. This would similarly require Plaintiff to litigate two separate causes of action or risk not making a full recovery. . . . In the efficient administration of justice, Plaintiff should be allowed to proceed in one action against all possible responsible parties." Plaintiff's Reply, pp. 12-13.

In conclusion, Calhoun has stated facially legitimate reasons for seeking to amend and Aramark has failed to carry its "heavy burden to establish fraudulent joinder[.]" *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Therefore, the motion for leave to file a Third Amended Complaint should be granted and this case remanded to the Allen Superior Court.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend (ECF No. 64) is GRANTED

and this case is REMANDED to the Allen Superior Court. Johnson Controls' motion to amend its answer (ECF No. 63) is DENIED as moot. The Clerk of the Court is directed to docket Calhoun's Third Amended Complaint (attached as Exhibit A to ECF No. 64) and show it filed on March 4, 2020. The Clerk is further instructed to remand this case to the Allen Superior Court, in case number 02D03-1904-CT-222.

Date: June 1, 2020.

    /s/   William C. Lee  
William C. Lee, Judge
U.S. District Court
Northern District of Indiana